## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF TEXAS
### MARSHAL DIVISION

| | |
|---|---|
| BOXCAST INC. ) | |
| ) | CASE NO. 2:21-cv-00217 |
| Plaintiff, ) | |
| ) | JUDGE RODNEY GILSTRAP |
| vs. ) | |
| ) | |
| RESI MEDIA LLC, PUSHPAY USA INC., ) | |
| and PUSHPAY HOLDINGS LTD., ) | |
| ) | |
| Defendants. ) | |

## **BOXCAST'S MOTION TO STRIKE DEFENDANTS' UPDATED INVALIDITY CONTENTIONS**

I. **INTRODUCTION**

Defendants, unilaterally, with no notice and without leave of Court, collectively served more than 2,700 pages of updated Invalidity Contentions[1] nearly three months after the Court's deadline in direct contravention of the Local Patent Rules and the Court's Docket Control Order. Defendants did not and could not show any cause to extend the schedule and decided to file the Invalidity Contentions anyway. This was Resi's second set of contentions.

During the parties' pre-motion meet and confers, Defendants indicated two justifications for serving the new contentions: (1) they were "responsive" to BoxCast's amended contentions (for which BoxCast obtained leave) and (2) that the Pushpay entities had not yet served their own independent contentions. Both are meritless. First, there are no responsive amended contentions (without leave) contemplated by the Patent Rules, and Defendants contentions are not in fact responsive to the minor additions made in BoxCast's Amended Contentions. Second, the Court had already granted Pushpay a delay in the case schedule of 40 days to serve invalidity contentions which, according to this Court, was "sufficient to address Defendant's concerns." (ECF No. 38). On that deadline, December 20, 2021, Defendants served contentions that were designated as being from Resi only (not Pushpay). The Pushpay Entities served no independent contentions. Instead, Defendants again moved the Court to set a new deadline of March 11 to update invalidity contentions so that Pushpay Holdings and Pushpay USA (collectively, "Pushpay") could "catch up." (ECF No. 98, at 1; 98-2, at 3). Pushpay, however, had no need to develop or serve separate invalidity contentions as it had been aware of the Asserted Claims when it acquired Resi and the Accused Instrumentalities are identical for both Resi and Pushpay.

---

[1] "Invalidity Contentions" refers to Defendants' Invalidity Contentions served on March 11, 2022.

Accordingly, the Court declined to adopt Defendants' proposal and issued two Docket Control Orders that did **_not_** include new deadlines to serve updated invalidity contentions. (*See* ECF Nos. 101, 127). The Invalidity Contentions also cite an innumerable number obvious combinations, which fails to put BoxCast on reasonable notice of Defendants' actual invalidity positions, as required by the rule. (Ex. B). They should be stricken for this reason as well.

Defendants appear to have simply ignored the Court's Order denying their unilaterally proposed deadline and decided to serve their contentions anyway. Defendants did not first obtain, or even seek, leave of the Court to serve their updated Invalidity Contentions, nor could they as there was not good cause to once again extend the deadline to prepare separate invalidity contentions for Pushpay. During the pre-Motion meet and confer, Defendants offered to seek post-hoc leave for their already-served, out-of-rule contentions, but refused to withdraw them in the meantime. Thus, to prevent any notion that BoxCast slept on it rights,[2] BoxCast now moves to strike Defendants' Invalidity Contentions. The Court should do so given that they were served nearly three months after the deadline and in contravention of the Docket Control Order and Local Patent Rules.

## II.     PROCEDURAL HISTORY

On June 16, 2021, BoxCast filed its initial Complaint in this case against its main competitor, Resi Media LLC ("Resi"), for infringing two of BoxCast's patents. (ECF No. 1). After Pushpay acquired Resi, BoxCast filed its first Amended Complaint on October 6, 2021, adding PushPay, Inc. and PushPay Holdings Ltd. as parties. (ECF No. 28). In response, Resi proposed a blanket four-month extension to the all deadlines on the docket control order and one of the Resi's cited concerns was "the deadline to serve invalidity contentions." (ECF No. 32, at

---

[2] Because the issue was going to be raised and briefed either way (via motion to strike or motion for leave), BoxCast believed this Motion was the best way to preserve its rights.

1

4-5). Additionally, during the Parties' October 12, 2021 meet and confer on the schedule issue, prior to the filing of the Joint Motion for Entry of Disputed Docket Control Order (*id.*), Resi's counsel stated that he thought Pushpay's invalidity positions would be the same as Resi's. (*Id.* at 2). Afterward, on October 20, 2021, this Court granted Defendants a 40-day reprieve on the DCO dates, stating that this amendment "***is sufficient to address Defendant's concerns***," and extending the date for Defendants to serve their invalidity contentions to December 20, 2021. (ECF No. 38) (emphasis added). The contentions Defendants served on December 20, 2021 were designated as being from Resi only, with no mention of the Pushpay entities (ECF No. 65), and Defendants never mentioned or attempted to serve contentions listing Pushpay until now.

On January 3, 2022, BoxCast filed its Second Amended Complaint for Patent Infringement, replacing PushPay, Inc. with PushPay USA Inc. (ECF No. 67). In the Second Amended Complaint, BoxCast further clarified its joint infringement theory and alleged that Pushpay infringed the same Asserted Patents by selling and offering for sale and encouraging customers to buy Resi Encoders and related streaming services. (*Id.* at ¶¶ 89-97, 139–47).

On January 21, 2022, Resi filed an Unopposed Motion to Amended Docket Control order seeking to extend the deadline to Comply with Local Patent Rule 4-3 by two days until January 26, 2022. (ECF No. 83). The proposed schedule did not include an entry to serve or amend invalidity contentions. (*Id.*).

On January 24, three months after this Court modified the DCO to accommodate Pushpay, the Parties filed their Joint Claim Construction and Prehearing Statement and Pushpay Holdings "defer[red] to Resi regarding claim construction" and "reserve[ed] its right to seek additional or different constructions after reviewing any infringement contentions asserted against it." (ECF No. 89, n.1). On January 25, 2022, the Court entered the Second Amended

2

Docket Control Order. (ECF No. 87). The Order did not include an entry for filing of amended invalidity contentions. (*Id.*)

On February 4, BoxCast provided Defendants' counsel courtesy copies of its proposed Amended Infringement Contentions, which addressed Resi's modified products and provided further clarification regarding its joint infringement allegations regarding the Accused Products. BoxCast included ***exact copies*** of these same infringement contentions for Pushpay. There was no difference whatsoever between contentions directed at Resi and those for Pushpay.

On February 11, 2022, Defendants collectively filed an opposed Motion to Amend the Docket Control order "to accommodate the late addition of Pushpay Holdings and Pushpay USA" and allow them to "catch up, comply with the Court's scheduling order deadlines … and prepare for trial." (ECF No. 98). In their motion, Defendants proposed an amended Docket Control Order setting a new entry of March 11, 2022 as the deadline for "Updated P.R. 3-3 and 3-4 (Disclosure of Asserted Claims and Invalidity Contentions and Related Documents)." (ECF No. 98-2, at 3). On February 18, 2022, BoxCast filed its Opposition to Defendants' Motion to Amend the Docket Control Order. (ECF No. 102; redacted as ECF No. 118). Notably, as of that date, Pushpay had not served separate invalidity contentions. (*Id.* at 4).

On February 15, 2022, the Court entered the Third Amended Docket Control Order, which did not include a new deadline for serving invalidity contentions or amending or supplementing invalidity contentions. (ECF No. 101). On February 24, 2022, Resi again moved to amend the Third Amended Docket Control Order to extend the deadline to comply with P.R. 4-5(b) by three days (to March 3) and to extend the deadline to comply with P.R. 4-5(c) by three days (to March 10). (ECF No. 117). Specifically, Resi argued there was "good cause" to amend

3

the deadline for complying with P.R. 4-5(c) and proposed a new schedule, but provided no mention of setting a new date for invalidity contentions. (*Id.*).

On March 1, 2022, the Court entered the Fourth Amended Docket Control Order. (ECF No. 127). No new entry was included to reset the deadline for filing invalidity contentions. (*Id.*).

At 6:46pm CST, on Friday, March 11, 2022, Defendants on their own initiative and without leave of Court, served updated Defendants' Invalidity Contentions—over 2,700 pages including at least several hundred of new material. (Ex. A). The parties had two meet and confers addressing the impropriety of the Invalidity Contentions, on March 14 and March 17, but Defendants refused to withdraw the contentions. (*See* Ex. C).

### III. DEFENDANTS' BELATED INVALIDITY CONTENTIONS ARE IN CONTRAVENTION OF THE DCO AND LOCAL PATENT RULES.

The Court should strike Defendants' Invalidity Contentions which were served well past the deadline and without leave from the Court. First, the Court already extended the deadline to serve invalidity contentions to address Defendants' concerns. Second, good cause did not exist to amend the invalidity contentions because Pushpay had knowledge of the litigation when it acquired Resi, Pushpay has been acting in concert with Resi in defending this lawsuit without seeking leave to provide supplemental invalidity contentions, and Pushpay had no need to provide separate invalidity contentions as the Accused Instrumentalities in this case are identical for both Resi and Pushpay. Instead, the Defendants' collectively served the belated Invalidity Contentions, demonstrating that this was clearly not an attempt for Pushpay to "catch up."

#### A.  Defendants' Invalidity Contentions were served well past the deadline.

This Court should strike Defendants' Invalidity Contentions because they were served nearly three months past the deadline and without leave from the Court. The Docket Control Order clearly identified the deadline for Defendants to serve invalidity contentions and the Local

4

Patent Rules clearly provide the mechanism by which Defendants may have amended their Invalidity Contentions. Defendants blatantly defied both the Docket Control Order and the Local Patent Rules when they collectively served Defendants' Invalidity Contentions.

The amended contentions to claim to be served pursuant to P.R. 3.3, which governs when a party opposing a claim of patent infringement shall serve its "Invalidity Contentions." (Ex. B). In response to Defendant's request for a 120-day extension to all deadlines on the docket control order, including "the deadline to serve invalidity contentions," (ECF No. 32, at 4-5), the Court set December 20, 2021 as the date to "Comply with P.R. 3-3 & 3-4 (Invalidity Contentions)" and stated the amendment was "***sufficient to address Defendant's concerns***." (ECF No. 38). This deadline was not changed in any subsequent Docket Control Order (*see* ECF Nos. 87, 101, 127) and had long since passed when Defendants served their updated Defendants' Invalidity Contentions without leave from the Court.

The only way Defendants may have amended or supplemented their invalidity contentions past this deadline was with leave of the Court, which the Defendants did not obtain or even seek. Under Local Patent Rule 3.6, unless expressly permitted in P.R. 3-6(a), amendment or supplementation of any invalidity contention may be made only by order of the Court, which shall be entered only upon a showing of good cause. P.R. 3-6(d). Additionally, P.R. 3-6(a) provides that the only two times a party may serve "Amended Invalidity Contentions" without leave of court are when, not later than 50 days after service by the Court of its Claim Construction Rule, (A) a party claiming patent infringement has served "Amended Infringement Contentions" pursuant to P. R. 3-6(a)(1)[3], or (B) the party opposing a claim of patent

---

[3] Local Patent Rule 3-6(a)(1) provides: "If a party claiming patent infringement believes in good faith that the ***Court's Claim Construction Ruling*** so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve 'Amended Infringement Contentions' without leave of court that amend its 'Infringement Contentions' with respect to the information required by P. R. 3-1(c) and (d)."

infringement believes in good faith that the Court's Claim Construction Ruling so requires. P.R. 3-6(a)(2). There are no "responsive" contentions except after the *Markman* ruling, which has not occurred in this case. Thus, because the Court has yet to issue its *Markman* ruling to possibly trigger serving "Amended Invalidity Contentions" without leave of Court, and Defendants did not seek leave of the Court, Defendants' service of Defendants' Invalidity Contentions was wholly inappropriate. Accordingly, this Court should strike Defendant's Invalidity Contentions served on March 11, nearly three months after the deadline for service of Invalidity Contentions. (*See* ECF No. 38).

### B. Good cause did not exist to extend the deadline for Defendants to amend their invalidity contentions.

Even if Defendants had sought leave from the Court to amend their invalidity contentions, good cause did not exist for Defendants to do so. *See Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, 2:17-CV-00235, 2018 WL 3533362, at *3 (E.D. Tex. July 23, 2018). As an initial matter, while Defendants claim these are "Pushpay's" contentions, the contentions clearly say they are from **all three defendants**—including Resi. The notion that this was Pushpay's opportunity to serve its own contentions is thus a poor excuse for Defendants to supplement their already several thousands of pages of contentions with even more.

Regardless, not only did this Court already extend the schedule to accommodate Defendants' concerns, but after the Defendants proposed a new deadline of March 11 to update invalidity contentions, the Court issued two Amended Docket Control Orders, neither of which included a new deadline for invalidity contentions. Despite being well-aware that the Court expects strict compliance with case deadlines and no deadline being added for updated invalidity contentions, the collective Defendants served their Invalidity Contentions anyway.

On October 13, 2021, after PushPay, Inc. and PushPay Holdings Ltd. had been added as parties to this case and nearly five months before Defendants served their updated Invalidity Contentions, Resi proposed a 120-day extension to all deadlines, including "the deadline to serve invalidity contentions." (ECF No. 32, at 4-5). At that time, Resi argued that good cause existed to extend all deadlines even though it was "reasonably likely that Resi's counsel will be retained to represent the PushPay entities." (*Id.* at 5). Munck Wilson Mandala has since been retained to represent all Defendants. (ECF No. 102, Ex. B, Acquisition Agreement, at 78). Notably, in its proposed extension Resi stated "Resi and its counsel are ***well-aware that the Court expects strict compliance with case deadlines***." (ECF No. 32, at 5). Accordingly, Defendants and their counsel were aware of the gravity of the Docket Control Order and the good cause requirement to extend the deadlines.

In response to the requested amendment to the Docket Control Order, this Court granted Defendants a 40-day reprieve and extended the date for Defendants to serve their invalidity contentions to December 20, 2021, noting that the amendment "***is sufficient to address Defendant's concerns.***" (ECF No. 38). Nearly four months after the Court extended the deadline to serve invalidity contentions (114 days) and nearly two months (53 days) after the deadline had passed, the Defendants collectively moved to amend the Second Amended Docket Control Order[4] to allow Pushpay Holdings and Pushpay USA to "catch up, comply with the Court's scheduling order deadlines …, and prepare for trial." (ECF No. 98). Specifically, the Defendants argued the "Pushpay defendants have not had an opportunity to develop and disclose invalidity and claim construction positions." (*Id.* at 2). In their motion, Defendants proposed an amended Docket Control Order setting a new entry of March 11, 2022 to update invalidity contentions.

---

[4] The Second Amended Docket Control Order was entered on January 25, 2022 and did not include an entry to serve or update invalidity contentions. (ECF No. 87).

(ECF No. 98-2, at 3). However, Defendants did not actually need additional time for Pushpay to "catch up," and the Court declined to so extend the Docket Control Order. (*See* ECF Nos. 101, 127).

First, Pushpay had no need to provide separate invalidity contentions as it had been litigating in concert with Resi since Pushpay acquired Resi. In their motion to extend the deadlines, Defendants argued that the Pushpay entities "cannot fairly be expected to 'jump on the train' moving full-speed ahead without the train slowing down a little bit." (ECF No. 98, at 2). However, Pushpay was already on the train and even appeared to be conducting it.

Pushpay has been defending this case in lockstep with Resi since it acquired Resi in August. *See* ECF No. 102 . Additionally, before the acquisition, Pushpay's "legal counsel" conducted due diligence regarding this lawsuit and determined "that the matter will be resolved in due course and that the escrow amount under the purchase agreement will be sufficient to cover the costs of any defence, settlement, or liability from the BoxCast litigation." (ECF No. 42, Ex. C-7, at 19). The terms of the acquisition agreement required Pushpay, Resi, and the sellers to "cooperate and consult with each other in connection with the defense, mediation and settlement" of this case. (ECF No. 102-2 (Ex. B) , at 78). And Pushpay, Resi, and sellers also agreed to appoint Munck Wilson Mandala as litigation counsel. (*Id.*).[5] Further, Pushpay has exercised significant control of Resi's operations, including the design and development of its products and its litigation decisions in this case. (ECF No. 116, at 2-7; *see also* ECF No. 102).

Second, Pushpay had no need to provide separate invalidity contentions because BoxCast's infringement allegations against Resi and PushPay stem from the sale of the same Accused Instrumentalities. Claim construction and invalidity do not turn on *who* is selling the

---

[5] Pushpay was also represented both by in-house and outside counsel at the Parties' mediation on February 8.

8

Accused Instrumentalities. Patent Rule 3-1, governing BoxCast's infringement contentions, requires only mapping the claims to each "Accused Instrumentality" (P.R. 3-1(b)), and the Accused Instrumentalities are identical for both Resi and Pushpay—Resi's products and services. Pushpay's counsel, who has been involved in this case from day one, received BoxCast's infringement contentions on September 16, 2021, and received additional time for Pushpay ot prepare its case on October 10. Accordingly, there was no need for additional time to prepare separate invalidity contentions.[6]

Defendants also argued that extending the deadline to serve invalidity contentions was because BoxCast "change[d] infringement positions." (ECF No. 98, at 3). However, BoxCast explicitly stated it did "*not* seek to add any new theory of infringement that it [had] not previously disclosed to Resi." (ECF No. 96, at 7). The joint-infringement theory merely fleshed out the direction and control Resi asserts over users of Resi Encoders, making them liable for infringement of the Asserted Claims, which were included in BoxCast's original complaint filed on June 16, 2021. (ECF No. 1). The joint-infringement theory did not assert new claims or patents. The amended contentions did not add or change anything that would require changing invalidity contentions.

Further, Defendants were well aware that the deadline to serve invalidity contentions had past and that they needed to seek leave of Court if they wished to file amended invalidity contentions. BoxCast had asked Defendants' counsel several times if Pushpay intended to take different invalidity or claim construction positions, and counsel failed to confirm as much. (ECF No. 118, at 6). Additionally, nearly a month before Defendants' served their updated Invalidity Contentions, BoxCast noted that "if Defendants later decide that there is, in fact, good cause to

---

[6] Pushpay's excuse that Pushpay Holdings needed more time because serving a foreign entity takes longer than a domestic company is baseless as Pushpay Holdings *waived* and accepted service via email.

9

amend invalidity contentions, ***they may move the Court at that time***." (*Id.* at 8-9). After the deadline to serve invalidity contentions had passed, neither Pushpay nor Resi sought leave from the Court to file amended invalidity contentions. Instead, Defendants chose to unilaterally serve Defendants' Invalidity Contentions knowing they first needed leave of court to do so.

Finally, these updated Defendants' Invalidity Contentions are not an attempt for Pushpay to "catch up"—they were submitted by ***Resi***, Pushpay USA, and Pushpay Holdings, collectively. (Ex. B, at 1). If Pushpay truly had good cause to "catch up," it would have served its own invalidity contentions. This was solely an attempt by Resi to amend its invalidity contentions, and was done in direct contravention of the Docket Control Order and the Local Patent Rules.

After the Defendants moved the Court to set March 11, 2022 as the deadline to update invalidity contentions, the Court issued the Third and Fourth Amended Docket Control Orders, neither of which included a new entry for updating invalidity contentions. (ECF Nos. 101, 127). Resi was aware of the Asserted Claims since Boxcast filed its original Complaint on July 16, 2021 and Pushpay has been fully aware of the litigation since it acquired Resi in August. Despite being "well-aware that the Court expects strict compliance with case deadlines," being aware of the Asserted Claims since June 16, 2021, and the Court twice declining to extend the Docket Control Order to accommodate Defendant's request to extend the deadline for updated invalidity contentions, Defendants still filed their updated Invalidity Contentions nearly three months after the Court's deadline. Therefore, the Court should strike Defendants' Invalidity Contentions.

C. **The late-served Invalidity Contentions prejudice BoxCast.**

This Court's Patent Rules and DCO are designed to allow the parties to crystalize their theories ***prior to claim construction***. In this case, claim construction was fully briefed before Defendants served their updated Invalidity Contentions, expert reports completed, and the *Markman* hearing is to take place in just ten days (17 days after Defendants served the updated

10

contentions). (ECF No. 38). To the extent the new matter in the updated Invalidity Contentions might raise disputes for additional claim terms or inform or change the parties' claim construction positions, BoxCast will have no opportunity to address it. It would thus be prejudicial to BoxCast to allow this new material into this case at this late hour, which is why the Patent Rules forbid such late disclosure.

| | |
|---|---|
| Dated: March 18, 2022 | Respectfully submitted, |
| | */s/ Jennifer L. Truelove* |
| | Mark W. McDougall (Ohio #0080698) |
| | (admitted Pro Hac Vice) |
| | mmcdougall@calfee.com |
| | John S. Cipolla (Ohio #0043614) |
| | (admitted Pro Hac Vice) |
| | jcipolla@calfee.com |
| | Todd R. Tucker (Ohio #0065617) |
| | (Pro Hac Vice forthcoming) |
| | ttucker@calfee.com |
| | Joshua A. Friedman (Ohio #0091049) |
| | (admitted Pro Hac Vice) |
| | jfriedman@calfee.com |
| | Andrew W. Alexander (Ohio #0091167) |
| | (admitted Pro Hac Vice) |
| | aalexander@calfee.com |
| | Dustin D. Likens (Ohio #0097891) |
| | (admitted Pro Hac Vice) |
| | dlikens@calfee.com |
| | CALFEE, HALTER & GRISWOLD LLP |
| | The Calfee Building |
| | 1405 E. 6th Street |
| | Cleveland, Ohio 44114 |
| | Telephone: (216) 622-8200 |
| | Facsimile: (216) 241-0816 |
| | |
| | Samuel F. Baxter (Texas Bar No. 01938000) |
| | sbaxter@mckoolsmith.com |
| | Jennifer L. Truelove (Texas Bar No. 24012906) |
| | jtruelove@mckoolsmith.com |
| | MCKOOL SMITH, P.C. |

104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***Attorneys for Plaintiff BoxCast, Inc.***

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff BoxCast has complied with the meet and confer requirement in Local Rule CV-7(h). This non-discovery motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on March 14, 2022 among the following participants: Mark Mcdougall, Joshua Friedman and Andrew Alexander for the Plaintiff and S. Wallace Dunwoody and Chase Coburn for the Defendants, and again on March 17 between Joshua Friedman for Plaintiff and S. Wallace Dunwoody, Chase Coburn, Amy LaValle and G. Blake Thompson for Defendants. The parties were unable to reach agreement as to BoxCast's requested relief.

/s/ Joshua A. Friedman

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 18, 2022, the foregoing was served via email on counsel of record.

/s/ Jennifer L. Truelove