**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| BOXCAST INC.,<br><br>Plaintiff,<br><br>v.<br><br>RESI MEDIA LLC, PUSHPAY USA INC., and PUSHPAY HOLDINGS LTD.,<br><br>Defendants. | C.A. NO. 2:21-cv-00217-JRG |

**DEFENDANTS' MOTION TO CONTINUE THE STAY OF PROCEEDINGS PENDING INTER PARTES REVIEW**

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ....................1

II. STATEMENT OF RELEVANT FACTS ....................2

III. LEGAL STANDARD....................3

IV. ARGUMENT....................4

A. This Court Has Routinely Granted Stays Where All Claims Of All Asserted Patents Have Been Instituted, Especially At This Stage Of The Proceeding....................4

B. Continuing The Stay Will Significantly Simplify Issues Before This Court....................6

C. BoxCast Will Not Suffer Any Undue Prejudice From Continuing The Stay....................7

V. CONCLUSION....................9

# TABLE OF AUTHORITIES

**Page**

## Cases

*Acorn Semi, LLC v. Samsung Elecs. Co.*,
No. 2:19-CV-00347-JRG (E.D. Tex. Mar. 22, 2021) ........................................................ 6

*Affinity Labs of Texas, LLC v. Alpine Elecs. of Am., Inc.*,
2009 WL 9091275 (E.D. Tex. Sept. 2, 2009) ........................................................ 8

*AGIS Software Dev. LLC v. Google LLC*,
No. 2:19-CV-00359-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ........................ 4, 5

*Arbor Global Strategies LLC v. Samsung Elecs. Co.*,
No. 2:19-cv-333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021) ........................ 4, 6

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017)........................................................ 7

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) ........................................................ 7

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) ........................................................ 3, 6

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
No. 2:16-cv-505-JRG, 2017 WL 7051628 (E.D. Tex. Oct. 25, 2017) ........................ 4, 6

*Intell. Ventures II LLC v. BITCO Gen. Ins. Corp.*,
362 F. Supp. 3d 370 (E.D. Tex. 2019)........................................................ 4

*Intell. Ventures II LLC v. BITCO Gen. Ins. Corp.*,
No. 6:15-CV-59, 2016 WL 4394485 (E.D. Tex. May 12, 2016) ........................ 6

*NFC Tech. LLC v. HTC Am.*,
2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ........................................................ 3, 4, 6, 8

*Oyster Optics, LLC v. Infinera Corp.*,
No. 2:18-CV-00257-JRG (E.D. Tex. July 17, 2020)........................................................ 5, 6

*Solas OLED Ltd. v. Samsung Display Co.*,
No. 2:19-CV-00152-JRG, 2020 WL 4040716 (E.D. Tex. July 17, 2020)........................ 5, 8

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
No. 2:16-CV-642-JRG, 2017 WL 9885168 (E.D. Tex. June 13, 2017) ........................ 7

*Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*,
No. 2:19-cv-00259-JRG, 2020 WL 1433960 (E.D. Tex. Mar. 24, 2020).................................. 8

*VirtualAgility v. Salesforce.com*,
759 F.3d 1307 (Fed. Cir. 2014)......................................................................................... 7, 8

**Rules and Regulations**

Fed. R. Civ. P. 11 ........................................................................................................... 8

## I. PRELIMINARY STATEMENT

Defendants Resi Media LLC ("Resi") and Pushpay USA Inc. and Pushpay Holdings Ltd. (together "Pushpay") respectfully move the Court to continue the current stay of the above-captioned litigation until there is a final resolution of the now instituted *Inter Partes* Review ("IPR") petitions for U.S. Patent Nos. 9,686,574 ("the '574 Patent") and 10,154,317 ("the '317 Patent"). All deadlines are presently stayed in this case pending the parties' upcoming mediation scheduled to occur on May 10, 2022 before the Honorable Judge Folsom, and thus Defendants request that the Court continue the current stay.

This Court has routinely stayed cases where, as here, IPR petitions covering all claims of all asserted patents have been instituted. All factors counsel in favor of granting the stay. *First*, resolution of the pending IPRs will significantly simplify this litigation because the IPRs are likely to result in the invalidation of all, or at least some, of the asserted claims. Any statements by BoxCast in the IPR proceedings are also relevant to issues the Court and jury will need to resolve, including claim construction, infringement, and invalidity. *Second*, fact discovery is still ongoing, and a *Markman* hearing is scheduled a few weeks from now. Expert discovery and pretrial matters will follow thereafter. This Court has ordered stays in cases when IPRs were instituted at far more advanced stages. *Third*, continuing the stay of the litigation will not unduly prejudice BoxCast, as it waited for years before bringing this lawsuit, and the Court has already found that it would not suffer irreparable harm in denying its motion for a preliminary injunction. By contrast, lifting the current stay will unnecessarily expend judicial and party resources litigating patents that will likely be invalidated in their entirety.

In light of the May 16, 2022 *Markman* and Motions hearing set by the Court, Dkt. 145, Defendants are concurrently filing a Motion to Shorten Time for briefing and hearing on this Motion to Continue the Stay of Proceedings Pending *Inter Partes* Review.

## II. STATEMENT OF RELEVANT FACTS

On June 16, 2021, BoxCast filed this action against Resi alleging infringement of the '574 Patent and the '317 Patent (collectively, the "Asserted Patents"). *See* Dkt. 1. BoxCast alleges that certain Resi products have infringed claims 1, 12, and 22 of the '574 Patent and claims 1, 12, and 22 of the '317 Patent (collectively, the "Asserted Claims"). *See id.* at ¶¶ 54, 81. BoxCast subsequently twice amended its complaint, alleging infringement of the same independent claims. *See generally* Dkts. 28, 67.

On September 15, 2021, BoxCast served its disclosure of asserted claims under P.R. 3.1, identifying claims 1-3, 6, 8-14, 16-24, and 26-30 of the '574 Patent and claims 1-3, 11-13, 21, and 29 of the '317 Patent as allegedly being infringed by certain Resi products. *See* Ex. A. BoxCast then served an amended disclosure identifying the same asserted claims on February 23, 2022. *See* Ex B.

On October 15, 2021, within a month of receiving BoxCast's initial infringement contentions, Resi filed two IPR petitions before the Patent Trial and Appeal Board ("PTAB"), challenging all claims of the '574 Patent and all claims of the '317 Patent, respectively. In the IPR petitions, Resi stipulated that, if instituted, it would not pursue before this Court any invalidity grounds raised or that reasonably could have been raised in the IPR petitions. On October 25, 2021, Resi promptly filed a motion to stay this action pending the IPR petitions. *See* Dkt. 40. The Court denied Resi's motion to stay without prejudice, noting that Resi's motion "in advance of the PTAB's decision on whether or not to institute *inter partes* review of the Asserted Patents" was

premature, and allowing Resi to refile its motion "within fourteen (14) days following the PTAB's institution decision." Dkt. 55 at 2.

On March 25, 2022, the Court *sua sponte* ordered a stay of all deadlines in this case "pending the parties' upcoming mediation" scheduled for May 10, 2022. Dkt. 145 at 1.

On April 26, 2022, the PTAB instituted both IPR petitions, granting review of all claims of the '574 and '317 Patents on all grounds raised. *See* Exs. C and D. Within one day of the institution decisions, Resi filed this motion for a continuation of the stay.

Discovery is ongoing in this case, and a *Markman* hearing has been set for May 16, 2022. *See* Dkts. 127, 145. Trial is set for September 12, 2022. *See id.*

**III. LEGAL STANDARD**

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016). In deciding whether to stay a case pending IPR, this Court considers "'(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court.'" *Id.* "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *NFC Tech. LLC v. HTC Am.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). A stay is "particularly justified" where "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Ericsson*, 2016 WL 1162162, at *1 (citing *NFC Tech.*, 2015 WL 1069111, at *2).

"[W]here the PTAB has instituted IPR proceedings or the PTO has granted EPR's ***as to all claims of all asserted patents***, this Court has [] ***routinely stayed cases*** because the Court there does not retain before it any intact (as originally asserted) claims that are ready to move forward toward trial." *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00359-JRG, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021); *see also Arbor Global Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-cv-333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021); *Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:16-cv-505-JRG, 2017 WL 7051628, *1–2 (E.D. Tex. Oct. 25, 2017); *NFC Tech.*, 2015 WL 1069111, at *3; *Intell. Ventures II LLC v. BITCO Gen. Ins. Corp.*, 362 F. Supp. 3d 370, 373 (E.D. Tex. 2019).

## IV. ARGUMENT

### A. This Court Has Routinely Granted Stays Where All Claims Of All Asserted Patents Have Been Instituted, Especially At This Stage Of The Proceeding

The PTAB granted institution of IPRs against all claims of both Asserted Patents. In such situations, this Court has routinely stayed cases because the Court "does not retain before it any intact (as originally asserted) claims that are ready to move forward toward trial." *AGIS Software*, 2021WL465424 at * 2. In *AGIS Software*, for example, this Court granted a stay even though the motion "[came] late in the progress of [that] case—with discovery complete, pretrial briefing submitted, and jury selection pending." *Id.* at *3. In particular, the Court reasoned that "there remain significant resources yet to be expended by the parties, including at the pretrial conference and preparations leading up to an actual trial of this case." *Id.*

Here, all deadlines in the case are currently stayed. Once the stay is lifted, the parties will need to conduct additional written and deposition discovery. For example, BoxCast has yet to submit any responses to 20 of outstanding interrogatories and 40 requests for admission. BoxCast

also recently supplemented its production of source code, but has not yet made it available for inspection due to the stay. Moreover, the parties have several open disputes regarding the sufficiency of BoxCast's production, including its failure to produce a single document allegedly relating to conception or reduction to practice of the '317 Patent. *See* Ex E. Resi and Pushpay also intend to supplement their written discovery, including to provide additional documents at BoxCast's request. The parties also both need to finalize email and third-party discovery.

Moreover, most of the deposition discovery in this case has yet to be done. BoxCast has not deposed the Resi and Pushpay corporate representatives responsive to its February 26, 2022 deposition notices. Pushpay and Resi also expect to take the depositions of several relevant third parties, including but not limited to witnesses regarding the Jenkins Funeral Home and EventByWire prior art systems as well as prosecution counsel depositions. Neither party has submitted an expert report, of which there will be several, or conducted expert depositions based on opinions expressed therein. The Court has not yet conducted a *Markman* hearing or issued a claim construction order. Preparations for pretrial disclosures, summary judgement motions, and motions *in limine* have not even begun yet. Additionally, substantial new discovery could be forthcoming as a result of the parties' conception/reduction to practice dispute, which would lead to new documentary evidence and further depositions of alleged inventors.

In short, this case is in a far less "advanced" stage compared to the *AGIS Software* case or compared to cases where the Court has denied a stay. *See Solas OLED Ltd. v. Samsung Display Co.*, No. 2:19-CV-00152-JRG, 2020 WL 4040716, at *2 (E.D. Tex. July 17, 2020) (denying stay because, unlike this case, "the Court ha[d] issued a claim construction order and all discovery ha[d] closed" and trial was "only a few months away"); *Oyster Optics, LLC v. Infinera Corp.*, No. 2:18-CV-00257-JRG, at 2 n.1 (E.D. Tex. July 17, 2020) (case was in extremely "advanced stage" in

part because claim construction argument was already complete); *Acorn Semi, LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00347-JRG, at 2 (E.D. Tex. Mar. 22, 2021) (denying stay where trial was only two months away). And the Court has routinely granted stays in cases that are at a similar stage of litigation as this one. *See, e.g.*, *Arbor Global*, 2021 WL 66531, at *2-3 (staying case where fact discovery was largely complete, but summary judgment motions, *Daubert* motions, and motions *in limine* were still forthcoming); *Image Processing Techs*, 2017 WL 7051628, at *1 (same); *NFC Tech.*, 2015 WL 1069111, at *3 (staying case where close of fact discovery was in one month and claim construction briefing was complete); *Intell. Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 6:15-CV-59, 2016 WL 4394485, at *4 (E.D. Tex. May 12, 2016) (granting stay in part pending PTAB rulings where expert discovery had not begun and the parties still had to engage in significant pre-trial filings and motions).

This factor thus weighs in favor of granting Resi's motion. *Ericsson*, 2016 WL 1162162, at *1.

**B. Continuing The Stay Will Significantly Simplify Issues Before This Court**

"[The] most important factor bearing on whether to grant a stay … is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court." *Intell. Ventures II*, 2016 WL 4394485, at *3. The Court has denied stays where some asserted claims were not subject to IPR, or the PTAB and Court were presented with different issues. *Oyster*, No. 2:18-CV-00257-JRG at 5-6 (E.D. Tex. July 17, 2020) (IPR was instituted on less than all asserted claims); *Acorn*, No. 2:19-CV-00347-JRG, at 2 (E.D. Tex. Mar. 22, 2021). But here, the PTAB's institution of all claims in both patents, asserted or otherwise, not only simplifies, but could potentially dispose of the entire case before the Court if the claims are ultimately invalidated by the PTAB.

"[E]ven if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent." *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-CV-642-JRG, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017). For example, "statements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer." *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017). This will help inform the Court on issues relating to claim construction, infringement, and invalidity. Moreover, Defendants have already stipulated that they would not pursue at trial any grounds of invalidity raised or that reasonably could have been raised in the IPR petitions. As a result, continuing the current stay pending final resolution of the IPRs will streamline the case regardless of the results. Therefore, this factor also weighs in favor of granting the motion.

**C. BoxCast Will Not Suffer Any Undue Prejudice From Continuing The Stay**

"[W]hether the patentee will be unduly prejudiced by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). BoxCast would not suffer any undue prejudice if the Court continues the stay of this case. BoxCast waited roughly 4 years after the issuance of the '574 Patent, and 2.5 years after the issuance of the '371 Patent, to bring this lawsuit against Resi and later Pushpay. As such, any suggestion that BoxCast has an urgent need for expeditious judicial relief is completely undermined by its own delay in bringing its infringement claims. *See CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 2019 WL 11023976, at *4 (E.D. Tex. Feb. 14, 2019) (citing *VirtualAgility*, 759 F.3d at 1318).

Further, a "stay will not diminish the monetary damages to which [the patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *Id.* A delay in the vindication of patent rights alone cannot defeat a motion to stay, because that factor is present in every case in which a patentee resists a stay. *See, e.g.*, *NFC Techs.*, 2015 WL 1069111, at *2.

All deadlines in the case are currently stayed. Lifting the stay will force the Court and parties to unnecessarily expend significant resources litigating patents that are likely be invalidated in their entirety. Unlike cases where the parties have already incurred the costs of completing discovery, here, neither fact nor expert discovery is complete, and trial is almost five months away. *Solas*, 2020 WL 4040716, at *2 (stay would prejudice party because all discovery was complete, and trial was only a few months away).

Moreover, any potential injunctive remedy that BoxCast may seek has diminished significantly as the Court denied BoxCast's motion for preliminary injunction, finding that "BoxCast has not met its burden to show irreparable harm." Dkt. 144 at 6-7. "There is little difference between the situation where the court denies a preliminary injunction and that where counsel believes a motion for a preliminary injunction would be inappropriate and opts instead not to file one after considering his or her ethical obligations under Fed. R. Civ. P. 11." *Affinity Labs of Texas, LLC v. Alpine Elecs. of Am., Inc.*, 2009 WL 9091275, at *4 (E.D. Tex. Sept. 2, 2009). A patentee's failure to seek preliminary injunction (or, as here, its failed attempt) "weighs against any potential prejudice [the patentee] may suffer." *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, No. 2:19-cv-00259-JRG, 2020 WL 1433960, at *4 (E.D. Tex. Mar. 24, 2020) (citing *VirtualAgility*, 759 F.3d at 1319). As such, this factor also weighs in favor of granting the motion.

## V. CONCLUSION

For the foregoing reasons, Resi respectfully requests that the Court grants its motion to continue the stay of this case until a final resolution of the IPR petitions for the Asserted Patents.

DATED: April 27, 2022

By: /s/ *Brian E. Mack*

James Mark Mann
Mark@TheMannFirm.com
Gregory Blake Thompson
Blake@TheMannFirm.com
MANN TINDEL & THOMPSON
201 E. Howard Street
Henderson, TX 75654
Telephone: (903) 657-8540
Fax: (903) 657-6003

Joseph M. Paunovich
joepaunovich@quinnemanuel.com
Scott L. Watson
scottwatson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100

Brian E. Mack
brianmack@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Fax: (415) 875-6700

Jun Zheng
junzheng@quinnemanuel.com

______________________________

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
300 West 6th St, Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100
Fax: (737) 667 6110

Michael Craig Wilson
mwilson@munckwilson.com
Samuel Wallace Dunwoody , IV
wdunwoody@munckwilson.com
Amy Elizabeth LaValle
alavalle@munckwilson.com
Jacob L LaCombe
jlacombe@munckwilson.com
Chase Andrew Cobern
ccobern@munckwilson.com
MUNCK WILSON MANDALA LLP
12770 Coit Road, Suite 600
Dallas, TX 75251
Telephone: (972) 628-3600
Fax: (972) 628-3616

*Attorneys for Resi Media LLC*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule CV-7(h), the undersigned certifies that counsel for Defendants and counsel for Plaintiff met and conferred telephonically on April 27, 2022. The parties were unable to reach agreement as to Defendants' requested relief.

/s/ *Brian E. Mack*
Brian E. Mack

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the date this document is filed.

/s/ *Brian E. Mack*
Brian E. Mack